

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Texas Board of Pharmacy
911 Southland Life Annex Building
Dallas, Texas

Attention:  Walter Cousins, Jr., Secretary

Opinion No. O-6937

Re:  Construction of Sec., 9, Art.
4542a, V.A.C.S., concerning
licensing of pharmacists
through reciprocity

Dear Sir:

Your recent request for an opinion has been received.
We quote same as follows:

"It is the desire of this Board to obtain interpretation of Section Nine, Article 4542a, Civil Revised
Statutes of Texas having to do with the licensing of
pharmacists through reciprocity from another state.

"Under this section it is indicated that this
Board may issue license to persons from other states
under certain conditions one of which is 'that such
other Board in its examination required the same
general degree of fitness required by this state.'
We have an application from a gentleman registered
in another state in 1911 by examination, in which
he made one grade of 48% and a general average of
60% entitling him to a license as an assistant
pharmacist.  In 1914 full registration as a pharmacist was given this man without further examination.
By resolution of this Board at its meeting on September 17, 1907 requirements for satisfactory passing of examinations  included making a general average of 75% with no grade lower then 60%.

"It is the desire of this Board to know if
in your opinion grades made by this man, while not
measuring to the same requirements as Texas at that
time, can be reciprocated under the above quoted
provisions of the Texas law."

Section 9 of Article 4542a, Vernon's Annotated Civil Statutes of Texas, reads as follows:

"Every person desiring to practice pharmacy in the State of Texas shall be required to pass the examination given by the State Board of Pharmacy. The applicant shall make application by presenting to the Secretary of the Board, on forms furnished by the Board, satisfactory sworn evidence that he has attained the age of twenty-one (21) years, is of good moral character, is a citizen of the United States, and has at least graduated from a first grade high school, or has a preliminary education equivalent thereto, permitting matriculation in the University of Texas, and that he has attended and graduated from a reputable university, school or college of pharmacy which meets with the requirements of the Board, and shall have had at least one (1) year of practical experience in a retail pharmacy under the direct supervision of a registered pharmacist. A university, school or college of pharmacy is reputable whose entrance requirements and course of instruction are as high as those adopted by recognized universities, schools or colleges of pharmacy, and whose course of instruction shall be the equivalent of not less than four (4) terms of eight (8) months each, and approved by the Board.

"The examination shall consist of written, oral and/or practical tests in pharmacy, chemistry, pharmaceutical jurisprudence, posology, toxicology, bacteriology, physiology and materia medica, and in such other subjects as may be regularly taught in all recognized universities, schools and colleges of pharmacy.

"Each applicant for license to practice pharmacy in Texas shall be given due notice of the time and place of examination. All examinations shall be conducted in writing and by such other means as the State Board of Pharmacy shall deem adequate to ascertain the qualifications of applications, and in such manner as shall be entirely fair and impartial to all individuals in every recognized school of pharmacy. All applicants examined at the same time shall be given the same regular examinations, and each applicant successfully passing the examination and meeting all

requirements of the State Board of Pharmacy shall be registered by the Board as possessing the qualifications required by this law, and shall receive from said Board a license to practice pharmacy in this state. Provided that the State Board of Pharmacy may in its discretion, upon the payment of Twenty-five ($25.00) Dollars, grant a license to practice pharmacy to persons who furnish proof that they have been registered as such in some other state or territory, and that they are of good moral character, provided that such other Board in its examination required the same general degree of fitness required by this state, and grants the same reciprocal privileges to pharmacists of this state. As amended Acts 1943, 48th Leg., p. 710, ch. 395, Sec. 6."

You are only interested in knowing whether "such other Board in its examination required the same general degree of fitness required by this state." This is a question of fact that must be decided by the Texas State Board of Pharmacy. A mere comparison of the grade requirements given by the boards of different states is not, in every case, a true measure of the general degree of fitness required. For example, such examinations may have been graded on a different percentage basis, and a general average of 60% in the other state may have been the equivalent of a general average of 75% in this state.

In view of the foregoing, it is our opinion that if the Texas Board of Pharmacy finds that the Board of the other state required the same general degree of fitness of the applicant as required by this state in 1911, then the applicant may be issued a license to practice pharmacy in Texas. In determining the matter as to whether the applicant possessed the general degree of fitness required in Texas, it is our opinion that the board could in its discretion consider any and all pertinent facts relative to such qualification and would not be confined in its determination to the matter of "grades" alone.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/R. L. Lattimore, Jr.
    R. L. Lattimore, Jr.
    Assistant

By s/J. C. Davis, Jr.
    J. C. Davis, Jr.
    Assistant

RLL-JCD-gb-wc

APPROVED DEC 4, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman